UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-01299-MWF (JEMx) | Date:  April 14, 2015 |
| Title:    Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO REMAND [7, 9]

  Before the Court are the Motion to Dismiss Complaint (the "Rule 12 Motion") field by Defendant Wells Fargo Bank N.A. ("Wells Fargo") on March 2, 2015, and a Motion to Remand (the "Remand Motion") filed by Plaintiff on March 5, 2015. (Docket No. 7, 9).  Both parties filed Oppositions to the other party's respective motions on March 16, 2015.  (Docket No. 11 (the "Rule 12 Opposition"); Docket No. 12 (the "Remand Opposition")).  On March 23, 2015 Plaintiff filed a Reply in Support of Motion to Remand (the "Remand Reply"), and Wells Fargo field a Reply in Support of Motion to Dismiss (the "Rule 12 Reply").  (Docket Nos. 14, 15).

  The parties noticed their respective motions for the same day, and the Court held a hearing on April 6, 2015.  Having read and considered the papers, and heard the parties' arguments, the Court first determines that it has jurisdiction to hear this case and so **DENIES** the Remand Motion.  The Court **GRANTS** *in part*, and **DENIES** *in part* the Rule 12 Motion.  The Motion is granted *with leave to amend*.  Specifically, the Court grants the Rule 12 Motion except as to Plaintiff's second claim for relief under California Civil Code section 2923.7 and Plaintiff's fourth claim under California's unfair competition law as premised on the alleged violation of section 2923.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)      Date:  April 14, 2015
Title:      Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

**Requests for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012). There are, however, two exceptions to this general rule: the "incorporation by reference" doctrine and matters which may be judicially noticed. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (holding that district court improperly dismissed complaint when it took judicial notice of disputed facts).

The "incorporation by reference" doctrine permits a district court "to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quotations and citations omitted). This doctrine is also applicable "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id*. A document can be incorporated by reference into a complaint only if: "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." *Delaney v. Aurora Loan Servicing, Inc.*, No. C 09-3131, 2009 WL 5062339, at *2 (N.D. Cal. Dec. 23, 2009) (citing *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (providing factors for when a court may "consider evidence on which the complaint 'necessarily relies'").

Wells Fargo filed two Requests for Judicial Notice, one accompanying its Rule 12 Motion (the "Motion RJN") and one accompanying its Remand Opposition (the "Opposition RJN"). (Docket Nos. 8, 13). Wells Fargo's Motion RJN asks the Court to take judicial notice of four sets of documents. First, documents indicating the changes in corporate structure, ownership, and name of World Savings Bank, FSB, now Wells Fargo. (Motion RJN, Exs. A, B, C, D, E). Second, documents recorded in the Los Angeles County Recorder's Office related to the property, Note and Deed of Trust that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-01299-MWF (JEMx)**               **Date:  April 14, 2015**
**Title:**     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

is the subject of this litigation.  (*Id*., Exs. F, I, J, O).  Third, a copy of Plaintiff's Adjustable Rate Mortgage Note and the signed Modification Agreement between Plaintiff and Wells Fargo.  (*Id*., Exs. G, H).  Fourth, the dockets for two bankruptcy proceedings initiated by Plaintiff in the U.S. Bankruptcy Court for the Central District of California.  (*Id.*, Exs. K, L).  Finally, two documents from Los Angeles County Superior Court Case No. BC514106: Plaintiff's Complaint, and Plaintiff's Request for Dismissal.  (*Id*., Exs. M, N).

The Motion RJN is unopposed and the Court takes judicial notice of the documents.  The Court may take notice of the first set pursuant to Federal Rule of Evidence 201(b) because it consists of documents reflecting official acts of the executive branch of the United States, including the Office of Thrift Supervision, and their accuracy cannot reasonably be questioned.  *Hite v. Wachovia Mortgage*, No. 2:09-cv-02884, 2010 U.S. Dist. LEXIS 57732, at *6–9 (E.D. Cal. June 10, 2010) (court took judicial notice of Exhibits A-E above); see also *Gens v. Wachovia Mortgage Corp.*, No. CV10-01073, 2010 WL 1924777, at *2 (N.D. Cal. May 12, 2010) (taking judicial notice of a letter issued by the Office of Thrift Supervision confirming World Savings' request to change its name to Wachovia); *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 408 (N.D. Cal. 2009) (taking judicial notice of an order from the Office of Thrift Supervision).

The second set, Exhibits F, I, J, and O are appropriate subjects of judicial notice because they are copies of official records of the Los Angeles County Recorder's office whose authenticity "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).  Third, Exhibits G and H, which are Plaintiff's Mortgage Note, and Modification Agreement, are appropriate subjects of judicial notice, because Exhibit G is referenced in the Complaint and both form the basis of the allegations contained in the Complaint. *Parrino v. FHP, Inc.*, 146 F. 3d 699, 706 (9th Cir. 1998) (plaintiff may not deliberately omit references to documents upon which his claim is based to survive a 12(b)(6) motion); *Branch v. Tunnell*, 14 F. 3d 499, 453-54

---

**CIVIL MINUTES—GENERAL**                                                                 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-15-01299-MWF (JEMx)     **Date:**  April 14, 2015
**Title:**     Edward C. Hendricks -*v*- Wells Fargo Bank, N.A., et al.

(9th Cir. 1994) (documents that are not attached to the complaint may be incorporated by reference if the plaintiff has referred to the document in the complaint or if the document forms the basis of the plaintiff's claims).

The fourth and fifth sets, comprising Exhibits K through N, are appropriate subjects of judicial notice because they are copies of official public records of the United States Bankruptcy Court for the Central District of California and Los Angeles County Superior Court. *Heflin Corp.*, 797 F. Supp. at 792.

The Remand RJN is also unopposed. In its Remand RJN, Wells Fargo requests that the Court take notice of a remand order and briefing related to that order in Case No.: 2:14-c-v-09783-DSF-SH. As with the last two sets of documents in Wells Fargo's Motion RJN, the Court takes judicial notice of these documents.

Accordingly, the Court **GRANTS** Wells Fargo's Motion RJN and Remand RJN and takes judicial notice of the attached documents.

**Background**

As it must, the Court assumes the truth of all facts alleged by Plaintiff. The following is a statement of facts as alleged in the Complaint with the addition of certain relevant facts of which the Court takes judicial notice and are so noted.

This case arises out of Wells Fargo's servicing of Plaintiff's loan originally obtained from Wachovia Mortgage, FSB. Plaintiff purchased the subject property in early 2002. On February 5, 2008, Plaintiff refinanced the loan with which he had bought the property by execution of a Note secured by a Deed of Trust in the amount of $415,000. (Compl. ¶ 10). Wells Fargo is the servicer of the loan, and has been for all relevant periods. (*Id.* ¶ 12).

In August 2009, Wells Fargo granted Plaintiff a Loan Modification that lowered his interest rate and monthly payments under the Note for a number of years. (Motion RJN, Ex. H). Plaintiff alleges that in early 2012 he reached out to Wells Fargo to inquire about government programs available to modify unaffordable loans. (Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-01299-MWF (JEMx)**              **Date:  April 14, 2015**
**Title:**    Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

¶ 13).  Wells Fargo told Plaintiff to submit a loan modification application.  Plaintiff alleges that he submitted a request for modification application, although does not allege when he did so.  (*Id.* ¶ 15).

On May 29, 2012, NDEx West, LLC recorded a Notice of Default on behalf of Wells Fargo in the Official Records of Los Angeles County.  (*Id.* ¶ 16; Ex. C).  The Notice of Default identified arrears of approximately $17,000.  (*Id.*).  On August 22, 2012, a Substitution of Trustee was recorded, identifying NDEx West, LLC as the new trustee.  (*Id.* ¶ 18; Ex. B).  Plaintiff alleges that this Substitution of Trustee was fraudulent, and belatedly executed by a "well-known robo-signer" after the recording of the Notice of Default.  (*Id.*).  Plaintiff thus argues that the Notice of Default, and any documents recorded after are void ab initio.  (*Id.* ¶ 19).  In September 2012, Wells Fargo recorded a Notice of Trustee Sale.  (Motion RJN, Ex. J).

In December 2012, Plaintiff filed for Chapter 13 bankruptcy.  (*Id.*, Ex. K).  This proceeding was dismissed in February 27, 2013, because of Plaintiff's failure to file the required information.  (*Id.*).  Plaintiff filed a second bankruptcy petition in June 2013, which was dismissed in September 2013.  (*Id.*, Ex. L)

In October 2014, Wells Fargo recorded a new notice of sale after rejecting Plaintiff's second loan modification application.  (Rule 12 Mot. at 3; Motion RJN, Ex. O).  Plaintiff brought this suit in Los Angeles County Superior Court in January 2015.  Plaintiff alleges that Wells Fargo may not proceed with the foreclosure because of the problems with the recorded documents, and he is prepared to make payments as required under a modification.  (Compl. ¶ 20).

However, this is not Plaintiff's first action before this Court related to this property.  In July 2013, Plaintiff filed suit against Wells Fargo related to its servicing of the same loan.  That action was also removed to this Court by Wells Fargo.  Notice of Removal, *Hendricks v. Wells Fargo Bank, N.A. ("Hendricks I")*, CV 13-05855-MWF (C.D. Cal. August 12, 2013) Docket No. 1.  The Court remanded the case after determining that it lacked jurisdiction over Plaintiff's claims.  *Hendricks I*, Docket No. 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)             Date:  April 14, 2015
Title:       Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

In *Hendricks I*, Plaintiff alleged that Wells Fargo had failed to comply with various pre-foreclosure requirements under the California Homeowners Bill of Rights ("HBOR") and did not adequately consider Plaintiff's request for a modification. The parties came to a settlement agreement in *Hendricks I* and Plaintiff dismissed the action with prejudice on March 19, 2014. (Motion RJN, Ex. N).

**Discussion**

The Court first addresses the Remand Motion as it raises questions as to this Court's jurisdiction to hear this matter. The Court then addresses Wells Fargo's arguments that Plaintiff's allegations fail to support any claims for relief.

### **Jurisdiction**

Because there is a "strong presumption" against removal jurisdiction, the defendant removing the action bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Remand would only be proper here on the basis of diversity jurisdiction. "The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

#### **Diversity of the Parties**

Plaintiff argues that the parties are not diverse because, like him, Wells Fargo is a citizen of California. This was the basis for this Court's remanding Plaintiff's previous suit against Wells Fargo. However, since the Court's remand of *Hendricks I*, the Ninth Circuit has addressed that very question in *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707 (9th Cir. 2014). In *Rouse,* the Ninth Circuit held that, "a national banking association is a citizen only of the state in which its main office is located. Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located." *Id*. at 715. In light of this binding precedent, the Court concludes that Wells

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)     Date:  April 14, 2015
Title:     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

Fargo is a citizen of South Dakota, and the citizenship of the parties in this action is diverse.

### Amount in Controversy

The second question the Court must address is whether the amount in controversy exceeds $75,000.  Where a plaintiff seeks injunctive relief, the value of the object of the litigation determines the amount in controversy.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Gonzales v. Wells Fargo Bank, N.A.*, C 14-03850, 2014 WL 5465290 (N.D. Cal. Oct. 28, 2014) (finding amount in controversy met in diversity case where plaintiff sought injunction preventing foreclosure of property).

Wells Fargo argues that the amount in controversy is met because Plaintiff seeks to prevent it from foreclosing on the loan.  (Remand Opp. at 4-5).  Plaintiff meanwhile argues that Wells Fargo has not shown that his request for damages is above the jurisdictional amount as it is its burden to do, and that he does not seek injunctive relief.  (Remand Mot. at 5-8; Remand Reply at 4-5).  In support of its position, Plaintiff cites to three cases in which California district courts remanded cases brought by borrowers seeking to enforce modification agreements for failing to satisfy the amount in controversy requirement.  *Soto v. Litton Loan Servicing*, C 10-05099, 2011 WL 724746 (N.D. Cal. Feb. 22, 2011); *Johnson v. Wells Fargo Home Mortgage*, No. CV 12-00144, 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012); *Moreno v. Select Portfolio Servicing, Inc.*, 2010 WL 2525980, at *8–9 (E.D. Cal. Jun. 23, 2010) (rejecting defendant's argument that amount in controversy was satisfied because the plaintiff was seeking a modification of a $448,000 loan and an injunction to enjoin any foreclosure sale of the property).

However, in his second claim for relief, Plaintiff requests "this court's immediate equitable adjudication for which money damages would not be appropriate and without which the plaintiff will suffer irreparable injury in the loss of his home and his family's resultant homelessness."  Plaintiff's arguments in his Remand Motion and Replay notwithstanding, this is a clear request for the Court to enjoin Wells Fargo from proceeding with the foreclosure, and so makes the subject of this litigation the property,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-15-01299-MWF (JEMx)          **Date:**  April 14, 2015
**Title:**      Edward C. Hendricks -*v*- Wells Fargo Bank, N.A., et al.

whose value is well over $75,000.  Further, the only relief available Plaintiff for a violation of section 2923.7 is an injunction against Wells Fargo.  *See* Cal. Civ. Code § 2924.12(a)(1); *Breining v. Ocwen Loan Servicing, LLC*, No. 13-CV-2441, 2015 WL 1405501, at *4 (E.D. Cal. Mar. 26, 2015) (holding that plaintiffs were limited to seeking injunctive relief where a Trustee's Deed Upon Sale had not been recorded); *Vasquez v. Bank of Am., N.A.*, No. CV 13–02902, 2013 WL 6001924, at *7 (N.D. Cal. Nov.12, 2013) (Explaining that "Plaintiff may not seek remedies under Section 2924.12 that do not apply to the present status of the property" in holding that plaintiff's claims for actual damages, attorneys' fees, and treble damages are unavailable until such time as the deed upon sale has been recorded).

This is in contrast to *Soto*, *Johnson*, and *Moreno* cited by Plaintiff.  In each of those cases the relief sought was limited only to the loan modification plaintiffs claimed they had been unlawfully denied.  As the court in *Johnson* explained, "if a plaintiff asserts that he is entitled to a wrongfully denied loan modification, the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan." *Johnson*, 2012 WL 1229880, at *4.

Accordingly, the Court determines that the property is at least one object of the litigation, and therefore its value is relevant to determining the amount in controversy. *See Graham v. U.S. Bank, N.A.*, 2013 WL 2285184, * 3 (N.D. Cal. May 23, 2013) (finding that the object of the litigation was the plaintiff's home where the plaintiff sought injunctive relief preventing foreclosure).  Because the property's value is over $75,000, and there is diversity of citizenship between the parties, the Court has jurisdiction over this action.  The Court **DENIES** Plaintiff's Motion to Remand.

**Motion to Dismiss Under 12(b)(6)**

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-01299-MWF (JEMx) | Date: April 14, 2015 |
| Title: Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al. | |

the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 679.

### Plaintiff's Allegations of Violations of HBOR

In his Opposition, Plaintiff argues that Wells Fargo accepted his loan modification application after HBOR went into effect, but failed to perform its due diligence under California Civil Code section 2923.5. (Rule 12 Mot. at 9). However, Plaintiff does not allege a violation of section 2923.5 in his Complaint and the Court is uncertain as to Plaintiff's intent in making this argument in his Rule 12 Opposition. The Court therefore disregards Plaintiff's arguments as to section 2923.5.

### Plaintiff's First Claim for Relief: Violation of California Civil Code Section 2924.17

Plaintiff's first claim for relief alleges that Wells Fargo violated California Civil Code section 2924.17 through the fraudulent recording of the Substitution of Trustee recorded in the Official Records of the County of Los Angeles in August 2012. (Compl. ¶¶ 24-25).

Section 2924.17 provides that:

(a) . . . a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)            Date:  April 14, 2015
Title:         Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17(a)-(b).

Plaintiff alleges that the Substitution of Trustee filed by NDEx West, LLC was "not substantiated," was signed by a well-known "robo-signer," was in fact a forgery, and therefore recoding it was in violation of section 2924.17.  As a result of the legal deficiency of the Substitution, all other documents, including the Notice of Default recorded earlier by NDEx West, LLC are also legally insufficient.

However, section 2924.17 was enacted by the California Legislature as part of the Homeowner's Bill of Rights, which only came into effect on January 1, 2013.  NDEx West, LLC recorded the purportedly insufficient and fraudulent Substitution of Trustee in 2012, before section 2924.17 came into effect.  Plaintiff provides no argument as to why the Court should give retroactive effect to 2924.17 and hold that its provisions created requirements on servicers and trustees before it was in effect.  Like federal courts, "California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application."  *See Myers v. Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 841, 123 Cal. Rptr. 2d 40 (2002) (internal citations and emphases omitted) (holding that the Repeal Statute removed protection of Immunity Statute for actions by tobacco companies occurring before Immunity Statute went into effect).  In the absence of any indication that HBOR is to have retroactive effect, the Court will hold not it to have such effect.  *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, No. 13-CV-00542, 2013 WL 1196959, at *4 (N.D. Cal. Mar. 25, 2013) (holding that plaintiff could not succeed on a "robosigning" claim, since it applies to actions that occurred before HBOR came into effect).

___

**CIVIL MINUTES—GENERAL**                                                                    10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)          Date:  April 14, 2015
Title:     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

Plaintiff provides no argument as to why his section 2924.17 claim is viable given that the statute only went into effect after the alleged conduct. His only argument is that he sufficiently alleges a claim because Wells Fargo failed to comply with the statute. (12(b) Opp. at 10). However, this argument presumes that the statute was in effect.

Further, the Court is skeptical of Plaintiff's arguments as to the problems with the Notice of Default, and Substitution of Trustee, and with its characterization by Plaintiff as fraudulent and a "misrepresentation." As Wells Fargo correctly notes, under California law a "trustee, mortgagee or beneficiary, or *any of their authorized agents*" may file a notice of default. Cal. Civ. Code § 2924(a)(1) (emphasis added). Therefore, NDEx West, LLC was permitted to file the Notice of Default as an agent of Wells Fargo, the beneficiary under the Deed of Trust. And the Complaint, in fact alleges, that NDEx West LLC recorded the Notice of Default on behalf of Wells Fargo, an allegation borne out by the document itself. (Compl. at 16, Ex. C). Plaintiff also provides no more than the general allegation that Ric Juarez's signature is a forgery. (Compl. ¶¶ 25-26). Plaintiff fails to allege that how this has had any impact on him or why this should prevent Wells Fargo from pursuing its rights under the Deed of Trust and California law.

Accordingly, the Court **GRANTS** the Rule 12 Motion as to Plaintiff's first claim for relief *with leave to amend*.

### **Plaintiff's Second Claim for Relief: Violation of California Civil Code Section 2923.7**

Plaintiff's second claim for relief alleges that Wells Fargo failed to assign Plaintiff a "single point of contact" ("SPOC") as required by California Civil Code section 2923.7. (Compl. ¶ 34).

Section 2923.7(a) provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-01299-MWF (JEMx)        Date: April 14, 2015
Title:     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

     Wells Fargo argues that Plaintiff's claim fails for two reasons. First, Plaintiff does not allege that he requested a SPOC as required by section 2923.7(a). (Rule 12 Mot. at 4). Second, Plaintiff fails to allege a "material" violation of the statute sufficient to state a claim for relief. *Id.* (quoting Cal. Civ. Code § 2924.12(a) ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a ***material*** violation of Section . . . 2923.7") (emphasis added)). Neither of Wells Fargo's arguments is persuasive.

     Wells Fargo is correct that the statute requires that a borrower make a request for a SPOC for the obligation to apply. However, Plaintiff alleges that he was told by a Wells Fargo representative that he would be given a SPOC. (Compl. ¶ 45). Having been told that he would receive a SPOC, Plaintiff did not need to ask formally for a SPOC for the obligation to apply.

     Plaintiff's allegations also suffice to establish a material violation. Wells Fargo is correct that there is little guidance as to the precise meaning of "material" in the case law to date. (Rule 12 Mot. at 4). However, given the purpose of the statute, the Court determines that Plaintiff's allegations as to the harm caused by Wells Fargo's failure to provide a SPOC are sufficient to show that such a violation was material.

     Plaintiff alleges that he, and an agent working on his behalf, repeatedly tried to obtain information about his loan and modification application but was given "multiple and divergent instructions." (Compl. ¶¶ 43-44). He also alleges that he was not given a reason for his loan modification denial and has been unable to obtain further information allowing him to appeal, all arising from Wells Fargo's failure to provide him a SPOC. (Compl. ¶¶ 40-41, 43-45).

     At the hearing, Wells Fargo argued that Plaintiff should be required to plead facts to show that he was entitled to a loan modification, and that not being given a SPOC was the reason he was not able to get the modification. Wells Fargo argued that the alleged facts, when combined with the facts subject to judicial notice, indicate that Plaintiff had already been denied a modification. Therefore, Wells Fargo argued, Plaintiff could not plausibly allege that he was entitled to another modification and so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-01299-MWF (JEMx)        **Date:** April 14, 2015
**Title:**     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

could not plead a material violation. Further, relief for a violation of section 2923.7 is limited to an injunction. In the absence of any meaningful relief, Plaintiff's second claim should be dismissed.

However, Plaintiff alleges that had he was harmed because he was denied a basis for an appeal. His allegation is that, had he been assigned a SPOC, at the very least, he would have received clear, non-contradictory answers to his inquiries regarding his modification, including the basis for his denial allowing him to appeal. The purpose of HBOR is to ensure that servicers adequately consider borrowers for loss mitigation options. Cal. Civ. Code § 2923.4(a) ("The purpose of [HBOR] is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure. Nothing in the act that added this section, however, shall be interpreted to require a particular result of that process."). Having accepted Plaintiff's loan modification – whether a second application or not – Wells Fargo was obliged to abide by California law governing servicing of home loans and not cause harm to the borrowers whose loans it services. Therefore, Plaintiff has sufficiently alleged a "material violation" of section 2923.7 as required for relief under section 2924.12.

Accordingly, the Court **DENIES** the Rule 12 Motion as to Plaintiff's second claim for relief.

### Plaintiff's Third Claim for Relief: Negligent Misrepresentation

Plaintiff's third claim for relief alleges that Wells Fargo is liable for negligent misrepresentation. Plaintiff identifies two misrepresentations on which he bases his claim. First, that Wells Fargo promised Plaintiff that it would review his loan modification application promptly and in good faith. (Compl. ¶50). Second, Wells Fargo made misrepresentations when it filed the allegedly fraudulent Substitution of Trustee. (*Id*. ¶ 53).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)          Date:  April 14, 2015
Title:       Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

There are two preliminary questions raised by Plaintiff's third claim before the Court can properly evaluate the sufficiency of Plaintiff's allegations. First, what claim Plaintiff is asserting. Second, what standard of pleading applies to that claim.

Plaintiff's third claim is titled "Negligent Misrepresentation." However, the pleading contains allegations of intent and Wells Fargo's knowledge of the falsity of the statements consistent with a claim for intentional misrepresentation or fraud. For example, Plaintiff alleges that Wells Fargo had "full knowledge that [its] affirmative representations were false and misrepresented the truth at the time said representations were made" and that Wells Fargo intended for Plaintiff to rely on its misrepresentations. (*Id.* ¶¶ 50, 56).

Under California law, the tort of negligent misrepresentation is a "species of the tort of deceit." *Conroy v. Regents of University of Cal.*, 45 Cal. 4th 1244, 1255, 91 Cal. Rptr. 3d 532 (2009) (quoting *Bily v. Arthur Young & Co.* 3 Cal. 4th 370, 407, 11 Cal. Rptr. 2d 51 (1992)). Its elements are (1) a false statement of fact; (2) with no reasonable ground for believing the statement to be true; (3) with the intent to induce another's reliance on the statement; (4) justifiable reliance; and (5) resulting damage. *Conroy*, 45 Cal. 4th at 1255. It is distinguishable from fraud in that it does not require intent by defendant to defraud. *Id.* (citing *Small v. Fritz Companies, Inc.*, 20 Cal. 4th 167, 173, 132 Cal. Rptr. 2d 480 (2003)).

Plaintiff's allegations appear to be more closely related to an intentional fraud claim in that he alleges Wells Fargo's knowledge of the falsity of the misrepresentation. The allegations are therefore somewhat confusing. However, a plaintiff is "the master of the complaint" and Plaintiff has stated that his claim is for negligent misrepresentation. *See Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) (explaining that plaintiff is "the master of the complaint" in the context of being able to choose not to plead federal claims so as to defeat removal to federal court). Therefore, the Court considers this a claim for negligent misrepresentation as stated by Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)　　　　Date:  April 14, 2015
Title:　　　Edward C. Hendricks -*v*- Wells Fargo Bank, N.A., et al.

　　　The next question facing the Court is what pleading standard to apply to Plaintiff's claim.  Whether the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to negligent misrepresentation claims – as Wells Fargo contends – or whether Plaintiff can survive a motion to dismiss by complying with the more liberal standard of Rule 8, is the subject of conflicting authority.  *See Peterson v. Allstate Indem. Co.*, 281 F.R.D. 413, 416-18 (C.D. Cal. 2012) (reviewing conflicting case law on the question and determining that the nature of such a claim and better authority supports not applying Rule 9(b)); *Vess v. Ciba-Geigy*, 317 F.3d 1097 (9th Cir. 2003) (holding that the allegations were not based "entirely on a unified fraudulent course of conduct," but included allegations of defendant negligently failing to disclose information, and so were not "grounded in fraud" and did not need to satisfy Rule 9(b)); *Miller v. Int'l Bus. Mach. Corp.*, 138 Fed. Appx. 12, 17 (9th Cir. 2005) ("[C]laim nine is not a fraud claim. Rather, it is a negligent misrepresentation claim. We hold that Rule 8(a) has been satisfied, and we reverse the district court's dismissal of claim nine."); *but see Kelley v. Rambus, Inc.*, 384 Fed. Appx. 570, 573 (9th Cir. 2010) (holding in one sentence that the "state law claims for common law fraud and negligent misrepresentation fail to meet the heightened pleading standards of Rule 9(b)").

　　　The Court, however, need not decide the issue because Plaintiff fails to meet either standard.  The Court first notes that, again, Plaintiff presents arguments in its Opposition that relate to an unalleged claim for relief.  Plaintiff argues that Wells Fargo owed a duty of care to him when it offered him a modification and that it breached its duty to exercise reasonable care in failing to adequately consider his application.  (Rule 12 Opp. at 12-13).  However, Plaintiff does not allege a negligence claim; he alleges only a claim for negligent misrepresentation based on Wells Fargo's purported statements regarding a modification.  Arguments as to the duty Wells Fargo owed him in considering his modification application are therefore irrelevant.

　　　Plaintiff's claim fails because he does not sufficiently allege reliance or damages.  The Complaint states that "Plaintiff reasonably relied on [Wells Fargo's] misrepresentation, waiting months for [his] application to be processed and months more for [Wells Fargo] to make excuses to request for another re-submission."  (Compl. ¶ 55).  Plaintiff is required to plead facts showing that he relied on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-01299-MWF (JEMx) | Date: April 14, 2015 |
| Title: Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al. | |

misstatements such that they played a "substantial part" in influencing his actions, and that this reliance led to damages. *Conroy*, 45 Cal. 4th at 1256 (holding that the misrepresentation need not be sole cause, but must have been a "substantial factor, in influencing [Plaintiff's] decision"); 5 B.E. Witkin, *Summary of California Law*, Torts § 808 (10th ed. 2005) ("It must be shown that the plaintiff actually relied on the misrepresentation.").

Plaintiff alleges that Wells Fargo intentionally prolonged the review of the loan modification causing Plaintiff to incur late penalties, increased arrears, legal costs to protect his interest to his property, and caused harm to his credit rating. However, Plaintiff's claim is premised on Wells Fargo's representations as to the loan modification process. To show reliance and damages, Plaintiff must articulate how he would be in a better position had he not applied for the modification because of Wells Fargo's representations.

The same applies to Wells Fargo's second alleged misrepresentation in the purportedly fraudulent recorded documents. Plaintiff fails to articulate the action he did or did not take as a result of these recordings. Even if the recorded documents may have harmed Plaintiff in some way, the essence of a negligent misrepresentation claim is that the Plaintiff relied on the claims to act, or not act, in some way that caused harm. Plaintiff has not alleged any such action or failure of action as a result of these purported misrepresentations, or the damage that resulted therefrom.

This deficiency is in addition to the significant problems the Court noted above in Plaintiff's characterizations of the recorded documents as misrepresentations.

Accordingly, the Court **GRANTS** the Rule 12 Motion as to Plaintiff's third claim for relief for negligent misrepresentation *with leave to amend*.

### Plaintiff's Fourth Claim for Relief: Violations of California Business and Professions Code Section 17200 et seq.

Plaintiff's fourth claim alleges that Wells Fargo violated California's unfair competition law ("UCL") at California Business and Professions Code section 17200 et

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)      Date:  April 14, 2015
Title:  Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

seq. (Compl. ¶¶ 61-67). Specifically Plaintiff alleges five ways in which Wells Fargo violated the UCL: (1) misrepresentations as alleged in Plaintiff's second claim; (2) sending false and misleading advertisements regarding options to save Plaintiff's home; (3) violations of sections 2923.7 and 2924.17; (4) improperly collecting unlawful amounts from Plaintiff during the loan modification process; and (5) knowingly filing false documents in public records.

     The UCL is a broad statutory scheme for protecting consumers and promoting competition. It is "not confined to anticompetitive business practices, but is also directed toward the public's right to protection from fraud, deceit, and unlawful conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 519–520, 63 Cal. Rptr. 2d 118 (1997). The statutory language referring to "any unlawful, unfair or fraudulent" practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999) (holding that, in competitor cases, allegations of unfair business practices must be tethered to antitrust legislation and policy).

     As explained above, Plaintiff alleges a violation of section 2923.7. Therefore, Plaintiff also alleges a claim for an unlawful business practice under the UCL. Plaintiff's statement that the amount collected by Wells Fargo during the review of his loan modification was unlawful, however, is conclusory. In the absence of any facts to establish why such collection was unlawful Plaintiff fails to state a claim on this basis.

     Plaintiff's allegations of misrepresentations by Wells Fargo are "grounded in fraud" and must therefore meet the heightened pleading standard of Rule 9(b). *Vess*, 317 F.3d at 1103 (holding that where a state law claim is "grounded in fraud" Rule 9(b) applies even if proving fraud is not a necessary element of the claim and affirming dismissal of UCL claim for failure to meet the requirements of Rule 9(b)). To satisfy Rule 9(b), a plaintiff must include "the who, what, when, where, and how" of the fraud. *Id.* at 1106. Plaintiff's allegations fail to meet this standard.

     The Court **DENIES** the Rule 12 Motion to the extent the fourth claim is based on a violation of section 2923.7. To the extent the fourth claim is based on the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)            Date:  April 14, 2015
Title:      Edward C. Hendricks -*v*- Wells Fargo Bank, N.A., et al.

collected or Wells Fargo's alleged misrepresentations, the Rule 12 Motion is **GRANTED** *with leave to amend*.

### Plaintiff's Fifth Claim for Relief: Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's fifth claim for relief alleges that Wells Fargo breach the implied covenant of good faith and fair dealing.  Plaintiff alleges that the covenant "encompasses any promises which a reasonable person in Plaintiff's position would justifiably understand was included within the loan contract."  (Compl. ¶ 69).  Plaintiff further alleges that Wells Fargo has failed to review his loan modification application in a reasonable time and failed to provide Plaintiff a good faith review for a loan modification.  (*Id*. ¶ 71).

Under California law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. The implied promise requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. The precise nature and extent of the duty imposed by such an implied promise will depend on the contractual purposes." *Howard v. American Nat. Fire Ins. Co.*, 187 Cal. App. 4th 498, 528, 115 Cal. Rptr. 3d 42 (2010) (holding that insurance company breached implied covenant in failing to defend, settle, and indemnify insured in bad faith).   The covenant emerges from the terms of the contract itself and serves as a guarantee that each party enjoys the benefits of the contract without interference by the other party.

Plaintiff's claims arise from his application for a loan modification.  While he alleges that Wells Fargo has acted unfairly, Plaintiff does not explain how his application for a loan modification – or any duty Wells Fargo may have had – emerges out of any of the rights he has, or benefits he may reasonably expect, under the Note or Deed of Trust.  Plaintiff does allege a contractual relationship, but he does not allege in the Complaint, or explain in his Rule 12 Opposition, how the modification process could relate to his expectations under the contract in question.  Indeed, the very purpose of his loan modification application was to change the terms of the contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)          Date:  April 14, 2015
Title:     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

Plaintiff's reliance on *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 160 Cal. Rptr. 3d 718 (2013), for the proposition that a breach of the implied covenant can be adequately alleged absent a breach of the contract itself, is unpersuasive.  In *Thrifty*, the court held that the implied covenant was breached when the landlord-defendant altered the means by which it measured how to pay its share of expenses in a way not technically prohibited by the contract.  The court nonetheless determined that defendant's actions defeated the purpose of the contract and so breached the implied covenant.  In contrast, Plaintiff here complains of Wells Fargo's refusal to change the terms of the contract for the second time.

Plaintiff also alleges, as part of his fifth claim, that Wells Fargo "unfairly neglected Plaintiff a good faith review for a loan modification and thus interfered with his right to receive under the law and California HBOR."  (Compl. ¶ 72).  The Court is uncertain as to Plaintiff's precise allegation, but construes it to assert that Wells Fargo has wrongly undermined certain, unspecified rights under California law regarding loan modifications.  Plaintiff, however, does not allege with sufficient specificity which provisions of California law applies.

Further, any rights under California law regarding modifications are not contained within the contract and so not subject to a claim for breach of the implied covenant.  *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1120, 76 Cal. Rptr. 3d 585 (2008), as modified on denial of rehearing (June 4, 2008) (This covenant is read into contracts 'in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." (quoting *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 373, 6 Cal. Rptr. 2d 467 (1992)).  Further, HBOR makes clear that borrower do not have any right to a modification or for a "particular result" of a loan modification, or loss mitigation process encouraged by the act.  Cal. Civ. Code § 2923.4(a) ("The purpose of [HBOR] is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)             Date:  April 14, 2015
Title:       Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

foreclosure.  Nothing in the act that added this section, however, shall be interpreted to require a particular result of that process.").

Accordingly, the Court **GRANTS** the Rule 12 Motion as to Plaintiff's fifth claim for relief *with leave to amend*.

**Conclusion**

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand.  The Court also **DENIES** *in part* and **GRANTS** *in part* Wells Fargo's Rule 12 Motion, *with leave to amend.*  Specifically the Court grants the motion as to all claims for relief with the exception of Plaintiff's second claim under California Civil Code section 2923.7 and Plaintiff's fourth claim for an unlawful business practice as premised on the alleged violation of section 2923.7.  The Court is dubious that the problems with the dismissed claims can be corrected, apart from his possible ability to comply with Rule 9(b), but Plaintiff will be given the opportunity to try.  Plaintiff is reminded that any new allegations must be legally and factually supported.  Fed. R. Civ. P. 11(b)(2), (3).

Plaintiff may proceed on his remaining claims or may file a First Amended Complaint as to his dismissed first, third, and fifth claims for relief.  Plaintiff shall file his First Amended Complaint by **April 28, 2015** should he wish to do so, or inform the Court and Wells Fargo of his intent to proceed on his remaining claims by that date.  Wells Fargo shall file a response no later than **21 days** after Plaintiff files his First Amended Complaint.  Any further motion to dismiss shall be addressed solely to any new allegations in the First Amended Complaint.  If Plaintiff declines to file a First Amended Complaint, Wells Fargo shall file its Answer no later than **14 days** after receiving notice of Plaintiff's proceeding on the remaining claims in his Complaint.

IT IS SO ORDERED.