UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV-15-01299-MWF (JEMx) | Date:  August 17, 2015 |
| Title:     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al. | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO DISMISS [29]

Before the Court is Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") Motion to Dismiss Second Amended Complaint (the "Motion") filed on July 20, 2015. (Docket No. 29).  Plaintiff Edward Hendricks filed an Opposition to Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Second Amended Complaint (the "Opposition") on July 24, 2015.  (Docket No. 31).  Wells Fargo filed a Reply in Support of Motion to Dismiss Second Amended Complaint (the "Reply") on July 31, 2015.  (Docket No. 32).

This Motion is directed at the second claim for relief in the operative Second Amended Complaint ("SAC").   The second claim is for negligent misrepresentation.  The Court previously dismissed this claim in the FAC with leave to amend.  Plaintiff did so in the SAC.

The Court considered the papers submitted by the parties and held a hearing on August 17, 2015.  For the reasons stated below, the Court **GRANTS** the Motion *without leave to amend*.  Plaintiff may proceed on his first and third claims for relief.

**Requests for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012).  There are, however, two exceptions to this general rule: the "incorporation by reference" doctrine and matters which may be judicially noticed. *Lee v. City of Los Angeles*, 250

---

**CIVIL MINUTES—GENERAL**                                                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)                              Date:  August 17, 2015
Title:       Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

F.3d 668, 688 (9th Cir. 2001) (holding that district court improperly dismissed complaint when it took judicial notice of disputed facts).

Wells Fargo filed a Request for Judicial Notice (the "RJN") accompanying the Motion.  (Docket No. 30).  The RJN is the same as the requests Wells Fargo submitted with its prior motions to dismiss.  (Docket Nos. 7, 8, 20, 21).  For the same reasons the Court granted Wells Fargo's last two requests, the Court **GRANTS** Wells Fargo's RJN and takes judicial notice of the attached documents.

**Background**

As it must, the Court assumes the truth of all facts alleged by Plaintiff.  The Court's April 14 Order contained a detailed explanation of the relevant facts.  The following section is substantially similar to that section but has been updated to reflect relevant additional allegations and citations to the SAC as the operative complaint.

This case arises out of Wells Fargo's servicing of Plaintiff's loan originally obtained from Wachovia Mortgage, FSB.  Plaintiff purchased the subject property in early 2002.  On February 5, 2008, Plaintiff refinanced the loan with which he had bought the property by execution of a Note secured by a Deed of Trust in the amount of $415,000.  (SAC ¶ 14).  Wells Fargo is the servicer of the loan, and has been for all relevant periods.  (*Id.* ¶ 16).

In August 2009, Wells Fargo granted Plaintiff a Loan Modification that lowered his interest rate and monthly payments under the Note for a number of years.  (Motion RJN, Ex. H).  Plaintiff alleges that in early 2012 he reached out to Wells Fargo to inquire about government programs available to modify unaffordable loans.  (FAC ¶ 17).  Wells Fargo told Plaintiff to submit a loan modification application.  Plaintiff alleges that he submitted a request for modification application, although does not allege when he did so.  (*Id.* ¶ 18).

On May 29, 2012, NDEx West, LLC recorded a Notice of Default on behalf of Wells Fargo in the Official Records of Los Angeles County.  (*Id.* ¶ 20; Ex. B).  The Notice of Default identified arrears of approximately $17,000.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)                    Date:  August 17, 2015
Title:     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

     In December 2012, Plaintiff filed for Chapter 13 bankruptcy. (RJN, Ex. K). This proceeding was dismissed in February 27, 2013, because of Plaintiff's failure to file the required information. (*Id.*). Plaintiff filed a second bankruptcy petition in June 2013, which was dismissed in September 2013. (*Id.*, Ex. L)

     In January 2014, Plaintiff alleges, his financial situation improved. (SAC ¶ 25). He engaged with an unidentified non-profit organization that assists borrowers in dealing with banks. (*Id.* ¶ 26). The organization contacted Wells Fargo on Plaintiff's behalf. (*Id.* ¶¶ 28–29). Ultimately Plaintiff took Wells Fargo up on its offer of a modification and submitted an application. (*Id.* ¶ 33). As part of the process he was advised by a loan specialist that Wells Fargo would review his loan modification application in a timely manner and in total the process would not take more than 30 days. (*Id.* ¶ 30). During this time Wells Fargo would not proceed with foreclosure. (*Id.*). On January 13, 2014, Plaintiff submitted a complete modification application. (*Id.* ¶ 33). A month later Wells Fargo recorded a Notice of Trustee's Sale. (*Id.* ¶ 35, Ex. C).

     In the months that followed Plaintiff struggled to obtain an update from Wells Fargo. (*Id.* ¶¶ 38–40). On May 6, 2014, Plaintiff's modification was denied, although Wells Fargo provided no reason for the denial. (*Id.* ¶ 41). The notice of denial also did not include a net present value analysis. (*Id.* ¶ 42).

     In October 2014, Wells Fargo recorded a new notice of sale after rejecting Plaintiff's second loan modification application. (RJN, Ex. O). Plaintiff brought this suit in Los Angeles County Superior Court in January 2015.

     Since filing this suit, Plaintiff has been told that the denial was based on uncertainty about the value of his home. He was instructed to provide further documentation. (*Id.* ¶¶ 45–46). Plaintiff alleges that he applied for a modification because it was represented to him that the process would happen quickly. Had he known it would have taken so long he would have pursued other loss mitigation options, such as refinancing or a short sale. (*Id.* ¶ 50).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-01299-MWF (JEMx)            **Date:** August 17, 2015
**Title:** Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

This is not Plaintiff's first action before this Court related to this property. In July 2013, Plaintiff filed suit against Wells Fargo related to its servicing of the same loan. That action was also removed to this Court by Wells Fargo. (Notice of Removal, *Hendricks v. Wells Fargo Bank, N.A. ("Hendricks I")*, CV 13-05855-MWF (C.D. Cal. August 12, 2013) (Docket No. 1)). The Court remanded that action after determining that the Court lacked jurisdiction over Plaintiff's claims. *Hendricks I*, Docket No. 14.

In *Hendricks I*, Plaintiff alleged that Wells Fargo had failed to comply with various pre-foreclosure requirements under the California Homeowners Bill of Rights ("HBOR") and did not adequately consider Plaintiff's request for a modification. The parties came to a settlement agreement in *Hendricks I* and Plaintiff dismissed the action with prejudice on March 19, 2014. (RJN, Ex. N).

**Motion to Dismiss Under 12(b)(6)**

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 679.

This is the third motion to dismiss brought by Wells Fargo. The Court issued an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Denying Plaintiff's Motion to Remand (the "April 14 Order") on April 14, 2015. (Docket No. 17). In the April 14 Order, the Court dismissed Plaintiff's wrongful foreclosure,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)                    Date:  August 17, 2015
Title:        Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

negligent misrepresentation and breach of the implied covenant of good faith and fair dealing claims with leave to amend.  The Court allowed Plaintiff to continue with his Homeowners Bill of Rights ("HBOR") claim under California Civil Code section 2923.7 and a related claim under California Business and Professions Code section 17200 ("UCL") based on Wells Fargo's alleged HBOR violation.  (April 14 Order at 20).

On June 17, 2015 the Court Issued an Order Granting Motion to Dismiss (the "June 17 Order").  In the June 17 Order, the Court dismissed Plaintiff's second claim for negligent misrepresentation, but granted Plaintiff leave to amend.  The Court dismissed Plaintiff's fourth claim for breach of the implied covenant of good faith and fair dealing without leave to amend.

Wells Fargo now brings this third Motion against Plaintiff's re-alleged negligent misrepresentation claim.

### **Plaintiff's Claim for Negligent Misrepresentation**

In its June 17 Order, the Court dismissed Plaintiff's claim for negligent misrepresentation because Plaintiff's allegations as to how Wells Fargo would conduct the review of his modification did not constitute an actionable statement of a past or existing fact.  (June 17 Order at 6).  To the allegations in the FAC, Plaintiff adds that Wells Fargo represented to him that it "would not report him to credit agencies while he was under review, that the loan review was a process that would not exceed 30-day timeframe and that there would be no foreclosure activity."  (SAC ¶ 89).  Plaintiff continues to allege statements by Wells Fargo as to future events and so fails to state a claim.  *Shamsian v. Atlantic Richfield Company*, 107 Cal. App. 4th 967, 984, 132 Cal. Rptr. 2d 635 ("negligent misrepresentation requires a false statement of a past or existing material fact.").

Plaintiff's reliance in his Opposition on a purportedly false statement by Wells Fargo representative Pamela, that Plaintiff's paperwork was complete, is insufficient to cure the defects identified above.  (Opp. at 7).  While it may be a statement as to an

**CIVIL MINUTES—GENERAL**                                                                                          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-01299-MWF (JEMx)                              Date:  August 17, 2015
Title:      Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

existing fact, it occurred after Plaintiff decided to proceed with a modification and so is untethered from his purported detrimental reliance and damages.

Further, as an additional reason for dismissal, Plaintiff fails to meet the particularity requirements under Rule 9(b).  To satisfy Rule 9(b), a plaintiff must include "the who, what, when, where, and how" of the fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).  Plaintiff provides dates for some communications, but they are unrelated to the alleged misrepresentations.  Further, Plaintiff indicates that he obtained the assistance of a non-profit in compiling his modification application and communicating with Wells Fargo.  However, it is unclear from the SAC whether Wells Fargo's agents made the representations to Plaintiff, or the non-profit, or how the representations were made.

At the hearing Wells Fargo's counsel addressed the Court's tentative ruling on the duty owed by a lender to a party seeking a modification.  Because the question is not necessary to resolve this Motion, and because neither negligence, nor a lender's duty is relevant to any other claims in this action, the Court declines to rule on the issue.

Accordingly, because Plaintiff fails to allege a necessary element of a claim for negligent misrepresentation, and does not meet the requirements of Rule 9, the Court **GRANTS** the Motion *without leave to amend*.  Plaintiff has had three opportunities to satisfactorily plead his claim and has failed to do so.

### Plaintiff's Claim under California Business and Professions Code section 17200

Wells Fargo states in its Notice of Motion that it moves to dismiss Plaintiff's claim brought under the UCL.  The purported grounds are Plaintiff's failure to state a claim, failure to plead with adequate particularity, and that asserting the claim is in violation of the Court's June 17 Order.  However, Wells Fargo makes no argument in support of this position in its Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-01299-MWF (JEMx)          **Date:** August 17, 2015
**Title:**     Edward C. Hendricks -v- Wells Fargo Bank, N.A., et al.

     Nor would any be sufficient. Plaintiff's UCL claim survives to the extent it states a claim for unlawful or unfair business practices premised on Plaintiff's surviving claim under California's Homeowner's Bill of Rights, which was not the subject of this Motion. However, the UCL claim is limited to that theory, and may not proceed on the basis of a fraudulent business practice premised on Plaintiff's now-dismissed claim for negligent misrepresentation.

**Conclusion**

     For the reasons stated above, the Court **GRANTS** the Motion. It does so *without leave to amend* as to Plaintiff's second claim for relief.

     Wells Fargo shall file an Answer to Plaintiff's remaining first and third claims within **14 days** of the filing of this Order.

     IT IS SO ORDERED.